IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA,
formerly known as Dennis E. Jones-El,

                                                ORDER

            Plaintiff,

                                                13-cv-546-bbc

     v.

KELLI WEST, TODD OVERBO,
PETER HUIBREGTSE and GARY BOUGHTON,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Pro se plaintiff Mustafa-El K.A. Ajala is proceeding on a claim that defendants are violating his rights under the Religious Land Use and Institutionalized Persons Act, the free exercise clause, the establishment clause and the equal protection by refusing to allow him to wear a kufi cap when he is outside his cell.  In an order dated May 4, 2015, I concluded that plaintiff was entitled to assistance in recruiting counsel in accordance with Schlemm v. Wall, 784 F.3d 362 (7th Cir. 2015).

     Sarah Zylstra and Andrew DeClercq of the law firm Boardman & Clark have agreed to represent plaintiff, with the understanding that they will serve with no guarantee of compensation for their services.  It is this court's intention that the scope of representation extends to proceedings in this court only.  "Proceedings in this court" include all matters leading up to a final judgment on the merits, the filing of a Notice of Appeal, if appropriate,

and ensuring that all steps are taken to transfer the record to the Court of Appeals for the Seventh Circuit.

Additionally, the court intends the scope of representation to be limited to litigating plaintiff's current claims. It will be unnecessary for counsel to file an amended complaint or otherwise relitigate matters already completed. Counsel should focus on doing what is necessary to prepare the case for trial (or settlement). However, if counsel believe that they need to conduct additional discovery, they may make that request at the scheduling conference.

Plaintiff should understand that because he is now represented in this case, he may not communicate directly with the court from this point forward. He must work directly with counsel and permit them to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. He should be prepared to accept the strategic decisions made by counsel even if he disagrees with some of them. If plaintiff decides at some point not to work with counsel, he is free to end the representation, but he should be aware that it is unlikely that the court will work to recruit another set lawyer to represent him.

If the parties believe that mediation could help resolve their disputes, they may contact the clerk of court, Peter Oppeneer, for assistance.

ORDER

IT IS ORDERED that the clerk of court is directed to set a telephone conference before Magistrate Judge Stephen Crocker to set the schedule for the remainder of the proceedings in this lawsuit.

Entered this 5th day of June, 2015.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge